1   STROOCK & STROOCK & LAVAN LLP
2   JULIA B. STRICKLAND (State Bar No. 83013)
    SCOTT M. PEARSON (State Bar No. 173880)
3   A.R. KACHADOORIAN (State Bar No. 240601)
    2029 Century Park East
4   Los Angeles, California  90067-3086
    Telephone: 310-556-5800
5   Facsimile:  310-556-5959
    E-Mail: lacalendar@stroock.com
6
7   Attorneys for Defendants
      CITIBANK, N.A. and
8     CITIBANK (SOUTH DAKOTA), N.A.

9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12

13  DEVAVANI CONROY, Individually     ) Case No. 2:10-cv-04930-SVW-AJW
    and On Behalf of All Others Similarly )
14  Situated,                         ) [Assigned to the Hon. Stephen V. Wilson]
                                       )
15              Plaintiff,             ) CLASS ACTION
                                       )
16        vs.                          ) **NOTICE OF MOTION AND
                                       ) MOTION TO COMPEL
17                                     ) ARBITRATION AND STAY
    CITIBANK, N.A., CITIBANK (SOUTH ) ACTION; MEMORANDUM OF
18  DAKOTA), N.A.,                    ) POINTS AND AUTHORITIES IN
                                       ) SUPPORT THEREOF**
19              Defendants.            )
                                       ) Action filed:  July 2, 2010
20                                     )
21                                     ) <u>Hearing</u>:
                                       ) Date:  November 15, 2010
22                                     ) Time: 1:30 p.m.
                                       ) Ctrm:  6
23                                     )
                                       ) [[Proposed] Order and Declaration of
24                                     ) Cathleen A. Walters filed and Request for
25                                     ) Judicial Notice lodged concurrently]
                                       )
26  _____)
27

28

LA 51308435

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

    **PLEASE TAKE NOTICE** that on November 15, 2010, at 1:30 p.m., or as soon thereafter as this matter may be heard before the Honorable Stephen V. Wilson of the above-entitled court located at 312 North Spring Street, Los Angeles, California 90012, Courtroom 6, defendant Citibank (South Dakota), N.A. (also erroneously sued as Citibank, N.A.) ("Citibank"), will and hereby does move this Court for an Order directing plaintiff Devavani Conroy ("Conroy") to arbitrate her claims against Citibank on an individual (i.e., non-class, non-consolidated) basis, pursuant to her credit card agreement, and to stay the action pending arbitration. Arbitration is required here because:  (A) the arbitration agreement is valid and enforceable under the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (the "FAA") and South Dakota law, the laws that govern Conroy's credit card account, including the optional Credit Protector benefit; and (B) Conroy's claims fall squarely within the arbitration agreement's broad scope.

    This Motion is and will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Cathleen A. Walters and Exhibits thereto, the Request for Judicial Notice, the pleadings and papers on file herein, all other matters of which the Court may take judicial notice and upon such other or further material as may be presented at or before the hearing of this matter.

//
//
//
//
//
//
//
//

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51308435

1        This Motion is filed following the conference of counsel, which occurred on

2    August 17, 2010.

3    Dated:  September 13, 2010        STROOCK & STROOCK & LAVAN LLP
                                        JULIA B. STRICKLAND

4                                            SCOTT M. PEARSON

5                                            ALEXANDRIA KACHADOORIAN

6

7                              By:      _____*/s/ Scott M. Pearson*_____
                                            Scott M. Pearson

8

9                              Attorneys for Defendants
                            CITIBANK, N.A. and CITIBANK

10                               (SOUTH DAKOTA), N.A.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-2-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

Page(s)

I.   Introduction...................................................................................1

   A.   The Parties .............................................................................1

   B.   Conroy's Account And The Card Agreement................................1

   C.   The Arbitration Agreement ......................................................2

   D.   Credit Protector .....................................................................5

II.  Argument .......................................................................................6

   A.   Conroy Must Arbitrate Her Claims.............................................6

        1.   A Valid Arbitration Agreement Exists Under The FAA And
             South Dakota Law................................................................9

        2.   The Complaint's Claims Are Within The Arbitration
             Agreement's Scope. ...........................................................13

   B.   The Arbitrator Must Hear Conroy's Claims On An
        Individual Basis.....................................................................15

   C.   The Court Should Stay The Action Pending Arbitration On An
        Individual Basis.....................................................................16

   D.   Alternatively, This Court Properly May Stay This Case Pending
        Action By The Supreme Court.................................................16

III. Conclusion ...................................................................................18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

Allied-Bruce Terminix Cos. v. Dobson,
    513 U.S. 265, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995) .....................................6

American Express Co. v. Italian Colors Restaurant,
    __U.S.__, 130 S. Ct. 2401, 176 L. Ed. 2d 920, 2010 WL 1740528 (May 3,
    2010) ...........................................................................................................17

AT&T Mobility LLC v. Concepcion,
    No. 09-893, 2010 WL 303962 (May 24, 2010).......................................1, 17, 18

AT&T Techs., Inc. v. Commc'ns Workers of Am.,
    475 U.S. 643, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986) ...................................13

Barker v. Citibank (South Dakota), N.A.,
    No. A:03CA-130JN, slip. op., 2003 WL 25943008 (W.D. Tex. May 30,
    2003) ..............................................................................................................8

Becker Autoradio U.S.A., Inc. v. Becker Autoradiowerk GmbH,
    585 F.2d 39 (3d Cir. 1978) ...........................................................................13

Bess v. Check Express,
    294 F.3d 1298 (11th Cir. 2002) ......................................................................6

Brack v. Omni Loan Co., Ltd.,
    164 Cal. App. 4th 1312, 80 Cal. Rptr. 3d 275 (2008) .......................................11

Carney v. Verizon Wireless Telecom, Inc.,
    No. 09-cv-1854 DMS ...................................................................................18

Citibank (South Dakota), N.A. v. Walker,
    2008 WL 4175125 (Cal. App. Ct. Sept. 11, 2008)..............................................8

Citibank USA v. Howard,
    No. 4:02CV64LN, slip. op. (S.D. Miss. Aug. 29, 2002)..................................8, 9

City of Hot Springs v. Gunderson's, Inc.,
    322 N.W.2d 8 (S.D. 1982) .............................................................................13

-ii-

Collins v. Burlington N. R. Co.,
    867 F.2d 542 (9th Cir. 1989) ............................................................................16

Dean Witter Reynolds, Inc. v. Byrd,
    470 U.S. 213, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985) ....................................7

Doe 1 v. AOL LLC,
    552 F.3d 1077 (9th Cir. 2009) ...........................................................................10

Dinsmore v. Piper Jaffray, Inc.,
    593 N.W.2d 41, 1999 SD 56 (S.D. 1999).......................................................9, 12

Dumanis v. Citibank (South Dakota), N.A.,
    No. 6:07-cv-6070 (CJS), 2007 WL 3253975 (W.D.N.Y. Nov. 2, 2007) .............8

Eaves-Leonos v. Assurant, Inc.,
    3:07-CV-00018-CRS, 2008 WL 80173 (W.D. Ky. Jan. 8, 2008)............8, 11, 13

Edelist v. MBNA Am. Bank,
    790 A.2d 1249 (Del. Super. Ct. 2001).................................................................11

EEOC v. Waffle House, Inc.,
    534 U.S. 279, 122 S. Ct. 754, 151 L. Ed. 2d 755 (2002) ..............................7, 15

Fine v. Citibank (South Dakota), N.A.,
    Case No. BC 284628 (Los Angeles Cty. Sup. Ct., Cal. Sept 10, 2003)..............8

First Options of Chicago, Inc. v. Kaplan,
    514 U.S. 938, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995) ..................................9

Frankel v. Citibank (South Dakota), N.A., et al.,
    Index No. 15516/08 (N.Y. Sup. Ct. Sept. 26, 2008) ...........................................8

Gay v. Credit Inform,
    511 F.3d 369 (3d Cir. 2007) ................................................................................9

Gowdy v. Citibank Universal Card Servs. Corp.,
    Case No. 02-1828CI-8 (Cir. Ct. 6th Dist., Pinellas Cty. Fla. May 5, 2003) 14, 15

Green Tree Fin. Corp.-Ala. v. Rudolph,
    531 U.S. 79, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000) ....................................11

Guadagno v. E* Trade Bank,
    592 F. Supp. 2d 1263 (C.D. Cal. 2008)..........................................................8, 10

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-iii-

Hershler v. Citibank (South Dakota), N.A.,
No. 2:08-cv-06363-R-JWJ, slip. op. (C.D. Cal. Dec. 19, 2008) ..........8, 9, 10, 11

Hill v. Equitable Trust Co.,
562 F. Supp. 1324 (D. Del. 1983) .....................................................................11

Hoffman v. Citibank (South Dakota), N.A.,
546 F.3d 1078 (9th Cir. 2008) ..........................................................................10

Howsam v. Dean Witter Reynolds, Inc.,
537 U.S. 79, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002) .................................8, 15

Hurley State Bank v. Moore,
No. 3:01-CV-158BN, at 6 (S.D. Miss., July 2, 2001) ........................................13

Ingram v. Citicorp Credit Servs., Inc. (USA),
No. 05-2095 B/An, slip op., 2005 WL 6518076 (W.D. Tenn. July 11,
2005), mag. recomm. adopted at  .........................................................................8

Kaltwasser v. Cingular Wireless LLC,
No. C 07-00411 JF (PVT), 2010 WL 2557379 (N.D. Cal. June 21, 2010) .......18

Koenick v. Citibank (South Dakota), N.A.,
No. AW-05-1006 (D. Md. June 7, 2005).........................................................8, 9

L.R. Foy Constr. Co. v. Spearfish School District,
341 N.W.2d 383 (S.D. 1983) ............................................................................12

Landis v. North Am., Inc.,
299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ...........................................17

Litman v. Cellco P'ship,
No. 08-4103 (3d Cir. July 7, 2010) (order staying mandate) ............................18

Lloyd v. MBNA Am. Bank, N.A.,
No. 01-1752, 27 Fed. App'x 82, 2002 WL 21932 (3d Cir. Jan. 7, 2002) ..........11

Lux v. Good Guys, Inc.,
No. SACV 05 300 CJC (Anx), 2005 WL 1713421, at *1 (C.D. Cal. July 11,
2005) .................................................................................................................9, 10

Mackey v. MBNA Am. Bank, N.A.,
343 F. Supp. 2d 966 (W.D. Wash. 2004) ..........................................................11

LA 51308435

Mastrobuono v. Shearson Lehman Hutton, Inc.,
514 U.S. 52, 115 S. Ct. 1212, 131 L. Ed. 2d 76 (1995) ......................................7

McArdle v. AT&T Mobility LLC,
No. C 09-1117 CW, 2010 WL 2867305 (N.D. Cal. June 20, 2010) .................18

Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,
473 U.S. 614, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985) ....................................6

Nedlloyd Lines B.V. v. Superior Court,
3 Cal. 4th 459, 11 Cal. Rptr. 2d 330 (1992) ..................................................9, 10

Oldroyd v. Elmira Savs. Bank, FSB,
134 F.3d 72 (2d Cir. 1998) ...............................................................................14

Paracor Finance, Inc. v. Gen. Elec. Capital Corp.,
96 F.3d 1151 (9th Cir. 1996) ..............................................................................9

Prima Paint Corp. v. Flood & Conklin Mfg. Co.,
388 U.S. 395, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967) ....................................6

Pro Tech Indus., Inc. v. URS Corp.,
377 F.3d 868 (8th Cir. 2004) ..............................................................................8

Rent-A-Center, West, Inc. v. Jackson,
No. 09-497, ___ U.S. ___, 130 S. Ct. 2772, 177 L. Ed. 2d 403 (Jun. 21,
2010) ................................................................................................................16

Rossi Fine Jewelers, Inc. v. Gunderson,
648 N.W.2d 812 (S.D. 2002) ............................................................................12

Schoenberg v. Exportadora de Sal, S.A. de C.V.,
930 F.2d 777 (9th Cir. 1991) ............................................................................10

Sesto v. Nat'l Fin. Sys., Inc.,
Case No. 04 C 7768 (N.D. Ill. Apr. 25, 2005)..................................................8, 9

Seus v. John Nuveen & Co., Inc.,
146 F.3d 175 (3d Cir. 1998) .............................................................................16

Shearson/American Express, Inc. v. McMahon,
482 U.S. 220, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987) ....................................6

Southland Corp. v. Keating,
465 U.S. 1, 104 S. Ct. 852, 79 L. Ed. 2d 1 (1984) ...........................................15

-v-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Sovak v. Chugai Pharm. Co.,
   280 F.3d 1266 (9th Cir. 2002) ...............................................................9

Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.,
   __ U.S. __, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (Apr. 27, 2010) .......7, 15, 16, 17

Taylor v. Citibank USA, N.A.,
   292 F. Supp. 2d 1333 (M.D. Ala. 2003) .................................................8

Tjeerdsma v. Global Steel Bldgs., Inc.,
   466 N.W.2d 643 (S.D. 1991) ...............................................................12

Trippe Mfg. Co. v. Niles Audio Corp.,
   401 F.3d 529 (3d Cir. 2005) ..................................................................8

Ventura v. 1st Fin. Bank,
   No. C 03-4515 JF, 2005 WL 2406029 (N.D. Cal. Sept. 29, 2005) .............10, 11

Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.,
   489 U.S. 468, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989) ...........................7, 15

Washington Mut. Bank, FA v. Superior Court,
   24 Cal. 4th 906, 103 Cal. Rptr. 2d 320 (2001) .......................................10

Westhoff v. Citibank (South Dakota), N.A.,
   Case No. CIV 05-288 (Cir. Ct. 2d Jud. Cir., S.D. May 5, 2005) ......................12

STATUTES

9 U.S.C. § 2 ..........................................................................................6

9 U.S.C. § 3 ........................................................................................16

Federal Arbitration Act, 9 U.S.C. §§ 1-16 (the "FAA") ......................................1, 6

S.D. Codified Laws § 51A-12-12 .............................................................11

S.D. Codified Laws § 54-11-9 ................................................................13

OTHER AUTHORITIES

Restatement (Second) of Conflict of Laws..................................................9

LA 51308435

# I.     INTRODUCTION

Defendants Citibank (South Dakota), N.A. and Citibank, N.A.) (together, "Citibank") hereby move to enforce the binding arbitration agreement (the "Arbitration Agreement") contained in the card agreement governing all claims related to the credit card account issued to plaintiff Devavani Conroy ("Conroy"), including claims pertaining to the optional Credit Protector program in which she enrolled ("Credit Protector").  Pursuant to the Arbitration Agreement's terms, Conroy must arbitrate her claims against Citibank on an individual (i.e., non-class, non-consolidated) basis.  The Arbitration Agreement is valid and enforceable under the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (the "FAA"), and South Dakota law, which governs Conroy's credit card account.  Conroy's claims are within the Arbitration Agreement's broad scope.  Accordingly, the Court should stay the action in favor of arbitration.  In the alternative, even if the Court is not inclined to order arbitration at this time, it should at a minimum stay the case until the United States Supreme Court decides <u>AT&T Mobility LLC v. Concepcion</u>, No. 09-893, 2010 WL 303962 (May 24, 2010).

## A.     The Parties

Citibank, a national bank located in South Dakota, is the issuer of Conroy's Citibank MasterCard credit card account (the "Account"), as well as the provider of Credit Protector.  Complaint, ¶¶ 16, <u>see</u> Declaration of Cathleen A. Walters ("Walters Decl."), ¶¶ 1, 3.  Citibank N.A. is an affiliate of Citibank (South Dakota), N.A., which does not issue credit card accounts.  Walters Decl., ¶ 1.  Conroy allegedly is a Los Angeles, California resident.  Complaint, ¶ 15.

## B.     Conroy's Account And The Card Agreement

Like any other credit card account, Conroy's Account is subject to written terms and conditions contained in a Card Agreement, as amended from time to time.  Walters Decl., ¶ 4.  Citibank sent Conroy a Card Agreement when she opened the Account, after which Conroy used and made charges on the Account.  <u>Id</u>. ¶¶ 4, 5 &

Ex. 1, 2 (the Card Agreement states that:  "This Agreement is binding on you unless you close your account within 30 days after receiving the card and you have not used or authorized use of the card.")  In addition, the Card Agreement for the Account contains the following choice-of-law provision:

> **Governing law.**  Federal law and the law of South Dakota, where we are located, govern the terms and enforcement of this Agreement.

Id., Ex. 1 at 10.  By using her Account, Conroy assented to the Card Agreement and agreed to comply with its terms.

### C.   The Arbitration Agreement

Importantly here, the Card Agreement contains an arbitration agreement requiring the parties to resolve their disputes by binding arbitration, pursuant to the FAA.  Id., Ex. 1 at 8-10.  The Arbitration Agreement requires arbitration on an individual, non-class and non-consolidated basis:

> ARBITRATION
>
> PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.  IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION.  ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING.  IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY.  ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN COURT PROCEDURES.
>
>  . . .
>
> > Claims and remedies sought as part of a class action, private attorney general or other representative action are subject to arbitration on an individual (non-class, non-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1 | representative) basis, and the arbitrator may award relief

2 | only on an individual (non-class, non-representative) basis.

3 | . . .

4 | **Who can be a party?**  Claims must be brought in the name of an

5 | individual person or entity and must proceed on an individual (non-

6 | class, non-representative) basis.  The arbitrator will not award relief for

7 | or against anyone who is not a party.  If you or we require arbitration of

8 | a Claim, neither you, we, nor any other person may pursue the Claim in

9 | arbitration as class action, private attorney general action or other

10 | representative action, nor may such Claim be pursued on your or our

11 | behalf in any litigation in any court.  Claims, including assigned Claims,

12 | of two or more persons may not be joined or consolidated in the same

13 | arbitration.

14 | Id., Ex. 1 at 8-9.

15 | The Arbitration Agreement makes clear that both Citibank (South Dakota),

16 | N.A. and Citibank, N.A. may invoke arbitration.

17 | **Whose Claims are subject to arbitration?**  Not only ours and yours,

18 | but also Claims made by or against anyone connected with us or you or

19 | claiming through us or you, such as a co-applicant or authorized user of

20 | your account, an employee, agent, representative, affiliated company,

21 | predecessor or successor, heir, assignee, or trustee in bankruptcy.

22 | . . .

23 | [A]pplicants, co-applicants, authorized users on a single account and/or

24 | related accounts, or corporate affiliates are here considered as one

25 | person.

26 | Id., Ex. 1 at 8-9.

27 | The Arbitration Agreement is extremely broad in its scope, and plainly

28 | encompasses Conroy's claims here.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-3-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**What Claims are subject to arbitration?**  All Claims relating to your account, a prior related account, or our relationship are subject to arbitration, including Claims regarding the application, enforceability, or interpretation of this Agreement and this arbitration provision.  All Claims are subject to arbitration, no matter what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek.  This includes Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law . . . .

. . .

**Broadest interpretation.**  Any questions about whether Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

Id., Ex. 1 at 8-9.  The Arbitration Agreement preserves remedies and limitations periods available under applicable law:

**What procedures and law are applicable in arbitration?**  A single, neutral arbitrator will resolve Claims.  The arbitrator will be either a lawyer with at least ten years experience or a retired or former judge, selected in accordance with the rules of the arbitration firm.  The arbitration will follow procedures and rules of the arbitration firm in effect on the date the arbitration is filed unless those procedures and rules are inconsistent with this Agreement, in which case this Agreement will prevail.  Those procedures and rules may limit the discovery available to you or us.  The arbitrator will take reasonable steps to protect customer account information and other confidential information if requested to do so by you or us.  The arbitrator will apply applicable substantive law consistent with the FAA and applicable statutes of limitations, will honor claims of privilege recognized at law,

-4-

and will have the power to award to a party any damages or other relief provided for under applicable law.  You or we may choose to have hearing and be represented by counsel.  The arbitrator will make any award in writing and, if requested by you or us, will provide a brief statement of the reasons for the award.  An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the Claims in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other dispute.

Id., Ex. 1 at 9.  The Arbitration Agreement also favorably allocates costs:

**Who pays?**  Whoever files the arbitration pays the initial filing fee.  If we file, we pay; if you file, you pay, unless you get a fee waiver under the applicable rules of the arbitration firm.  If you have paid the initial filing fee and you prevail, we will reimburse you for that fee.  If there is a hearing, we will pay any fees of the arbitrator and arbitration firm for the first day of that hearing.  All other fees will be allocated as provided by the rules of the arbitration firm and applicable law.  However, we will advance or reimburse your fees if the arbitration firm or arbitrator determines there is good reason for requiring us to do so, or if you ask us and we determine there is good reason for doing so.  Each party will bear the expense of that party's attorneys, experts, and witnesses, and other expenses, regardless of which party prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

Id., Ex. 1 at 9.

**D.     Credit Protector**

On or about June 16, 2009, Conroy enrolled by telephone in Credit Protector, an optional debt deferral/cancellation benefit program provided by Citibank.  Walters

-5-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1   Decl., ¶ 6.  After enrolling, Conroy was sent a Welcome Kit that contained, among

2   other things, the terms and conditions governing Credit Protector.  Id., & Ex. 3.

3   Conroy's enrollment in Credit Protector is subject to the Arbitration Agreement.

4   Credit Protector "is an optional program that is an addendum to and is subject to the

5   Card Agreement for the account shown above.  In return for a fee and under the

6   conditions described below, Citibank will defer or credit certain amounts on your

7   Citibank account."  Id., Ex. 3 at 14.  As with the Card Agreement, the Credit

8   Protector terms and conditions are between Conroy and "Citibank (South Dakota),

9   N.A., the issuer of your account."  Id., Ex. 3.

10  **II.    ARGUMENT**

11      **A.    Conroy Must Arbitrate Her Claims.**

12      Because the transactions at issue charges made to a Citibank credit card

13  account for the purchase of a debt deferral/cancellation benefit provided by Citibank

14  clearly involve interstate commerce, the Federal Arbitration Act, 9 U.S.C. §§ 1-16

15  (the "FAA"), provides the framework for the Arbitration Agreement's enforceability.

16  See 9 U.S.C. § 2; Walters Decl., Ex. 1 at 8.  Section 2 of the FAA mandates that

17  binding arbitration agreements in contracts "evidencing a transaction involving

18  [interstate] commerce . . . shall be valid, irrevocable, and enforceable, save upon

19  such grounds as exist at law or in equity for the revocation of any contract."  9

20  U.S.C. § 2.  The FAA is extremely broad and applies to any transaction directly or

21  indirectly affecting interstate commerce.  See, e.g., Allied-Bruce Terminix Cos. v.

22  Dobson, 513 U.S. 265, 277, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995); Prima Paint

23  Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 401, 87 S. Ct. 1801, 18 L. Ed. 2d

24  1270 (1967).  While the FAA creates a presumption of validity, arbitration

25  agreements are revocable under state law.  See, e.g., Shearson/American Express,

26  Inc. v. McMahon, 482 U.S. 220, 226, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987)

27  (presumption of validity); Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,

28  473 U.S. 614, 626-27, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985); Bess v. Check

-6-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1   Express, 294 F.3d 1298, 1306 (11th Cir. 2002) ("The FAA allows state law to

2   invalidate an arbitration agreement, provided the law at issue governs contracts

3   generally and not arbitration agreements specifically.").  However, the FAA "leaves

4   no place for the exercise of discretion by a district court, but instead mandates that

5   district courts shall direct the parties to proceed to arbitration."  Dean Witter

6   Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985).

7        By consenting to bilateral arbitration, the "parties forgo the procedural rigor

8   and appellate review of the courts in order to realize the benefits of private dispute

9   resolution:  lower costs, greater efficiency and speed, and the ability to choose expert

10  adjudicators to resolve specialized disputes."  Stolt-Nielsen S.A. v. Animalfeeds Int'l

11  Corp., __ U.S. __, 130 S. Ct. 1758, 1775, 176 L. Ed. 2d 605 (Apr. 27, 2010)

12  (citations omitted).  The "central or 'primary' purpose of the FAA is to ensure that

13  'private agreements to arbitrate are enforced according to their terms.'"  Id. at 1773

14  (citations omitted); accord Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford

15  Junior Univ., 489 U.S. 468, 479, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989);

16  Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 53-54, 115 S. Ct. 1212,

17  131 L. Ed. 2d 76 (1995).

18        "Underscoring the consensual nature of private dispute resolution . . . parties

19  are 'generally free to structure their arbitration agreements as they see fit.'"  Stolt-

20  Nielsen, 130 S. Ct. at 1774 (citations omitted).  It "is also clear from . . . the

21  contractual nature of arbitration that parties may specify with whom they choose to

22  arbitrate their disputes . . . .  It falls to courts and arbitrators to give effect to these

23  contractual limitations, and when doing so, courts and arbitrators must not lose sight

24  of the purpose of the exercise: to give effect to the intent of the parties."  Id. at 1774-

25  75 (holding that "a party may not be compelled under the FAA to submit to class

26  arbitration unless there is a contractual basis for concluding that the party agreed to

27  do so"); EEOC v. Waffle House, Inc., 534 U.S. 279, 289, 122 S. Ct. 754, 151 L. Ed.

28  2d 755 (2002) ("[N]othing in the [FAA] authorizes a court to compel arbitration of

-7-

1   any issues, or by any parties, that are not already covered in the agreement.");

2   Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83, 123 S. Ct. 588, 154 L. Ed.

3   2d 491 (2002) (same).

4       Under the FAA, arbitration must be compelled where, as here:  (1) "a valid

5   agreement to arbitrate exists"; and (2) "the particular dispute falls within the scope of

6   that agreement."  Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir.

7   2005) (citations omitted); Pro Tech Indus., Inc. v. URS Corp., 377 F.3d 868, 871 (8th

8   Cir. 2004).

9       Recognizing these principles, courts in this District and others have enforced

10   similar consumer arbitration agreements, including agreements used by Citibank and

11   its affiliates.  See, e.g., Hershler v. Citibank (South Dakota), N.A., No. 2:08-cv-

12   06363-R-JWJ, slip. op. at 3-8 (C.D. Cal. Dec. 19, 2008); Taylor v. Citibank USA,

13   N.A., 292 F. Supp. 2d 1333 (M.D. Ala. 2003); Citibank USA v. Howard, No.

14   4:02CV64LN, slip. op. at 7 (S.D. Miss. Aug. 29, 2002); Ingram v. Citicorp Credit

15   Servs., Inc. (USA), No. 05-2095 B/An, slip op., 2005 WL 6518076 (W.D. Tenn. July

16   11, 2005), mag. recomm. adopted at 2005 WL 6518077 (W.D. Tenn. Aug. 25, 2005);

17   Koenick v. Citibank (South Dakota), N.A., No. AW-05-1006 (D. Md. June 7, 2005);

18   Sesto v. Nat'l Fin. Sys., Inc., Case No. 04 C 7768 (N.D. Ill. Apr. 25, 2005); Barker v.

19   Citibank (South Dakota), N.A., No. A:03CA-130JN, slip. op., 2003 WL 25943008

20   (W.D. Tex. May 30, 2003); Dumanis v. Citibank (South Dakota), N.A., No. 6:07-cv-

21   6070 (CJS), 2007 WL 3253975, at *3 (W.D.N.Y. Nov. 2, 2007); Eaves-Leonos v.

22   Assurant, Inc., 3:07-CV-00018-CRS, 2008 WL 80173, at *6-7 (W.D. Ky. Jan. 8,

23   2008); Fine v. Citibank (South Dakota), N.A., Case No. BC 284628 (Los Angeles

24   Cty. Sup. Ct., Cal. Sept 10, 2003); Citibank (South Dakota), N.A. v. Walker, 2008

25   WL 4175125, *3-7 (Cal. App. Ct. Sept. 11, 2008); Frankel v. Citibank (South

26   Dakota), N.A., et al., No. 15516/08, at. 2-6 (N.Y. Sup. Ct. Sept. 26, 2008); see also

27   Guadagno v. E* Trade Bank, 592 F. Supp. 2d 1263, 1269-73 (C.D. Cal. 2008); Lux

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-8-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  v. Good Guys, Inc., No. SACV 05 300 CJC (Anx), 2005 WL 1713421, at *1 (C.D.

2  Cal. July 11, 2005).[1]

### 1. A Valid Arbitration Agreement Exists Under The FAA And South Dakota Law.

A South Dakota choice-of-law provision expressly governs the Card Agreement for the Account, which in turn contains the Arbitration Agreement. Walters Decl., Ex. 1.  While the FAA exclusively governs the enforceability of the Arbitration Agreement according to its terms, South Dakota law governs the determination of whether a valid agreement to arbitrate exists.  See Gay v. Credit Inform, 511 F.3d 369, 389 (3d Cir. 2007) (citing numerous cases applying choice-of-law provisions to determine applicable law in evaluating enforceability of arbitration agreements); Dinsmore v. Piper Jaffray, Inc., 593 N.W.2d 41, 44, 1999 SD 56 (S.D. 1999) ("the question of whether the parties entered into a valid agreement to arbitrate is a question for the court to determine applying state contract law principles"); Sovak v. Chugai Pharm. Co., 280 F.3d 1266, 1269-70 (9th Cir. 2002); accord First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995) ("When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the formation of contracts.").

### a) The Choice-Of-Law Provision Must Be Enforced.

Because this case is before this Court on federal diversity jurisdiction, California's choice-of-law rules govern.  See, e.g., Paracor Finance, Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1164 (9th Cir. 1996).  Under California law, Section 187 of the Restatement (Second) of Conflict of Laws governs contractual choice-of-law provisions.  See Nedlloyd Lines B.V. v. Superior Court, 3 Cal. 4th

---

[1]  Copies of Hershler, Howard, Koenick, Sesto, Fine, Walker and Frankel are included in the accompanying Request for Judicial Notice ("RJN") as Exhibits A through G, respectively.

-9-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

459, 464-65, 11 Cal. Rptr. 2d 330 (1992). [2]  Here, the South Dakota choice-of-law provision is enforceable because:  (i) South Dakota has a substantial relationship to the parties and the transaction (i.e., Citibank is located in South Dakota); and (ii) South Dakota law is not contrary California fundamental public policy.[3]  See Hershler, No. 2:08-cv-06363-R-JWJ, slip. op. at 5-8 (applying Nedlloyd test to uphold South Dakota choice-of-law provision); accord Lux, 2005 WL 1713421, at *1; Guadagno, 592 F. Supp. 2d at 1270 (Virginia law); Ventura v. 1st Fin. Bank, No. C 03-4515 JF, 2005 WL 2406029, at *4-5 (N.D. Cal. Sept. 29, 2005).  Conroy, not Citibank, has the burden on steps two and three of the Nedlloyd test.  See Washington Mut. Bank, FA v. Superior Court, 24 Cal. 4th 906, 917, 103 Cal. Rptr. 2d 320 (2001) (holding that once substantial relationship is demonstrated, "the parties' choice generally will be enforced unless the other side can establish both that the chosen law is contrary to a fundamental policy of California and that California has a materially greater interest in the determination of the particular issue") (citing Nedlloyd, 3 Cal. 4th at 468, 471).

The Arbitration Agreement was presented to Conroy at account opening, before she made any charges to the Account.  Walters Decl., ¶ 4.  At that time, Conroy had not enrolled in Credit Protector, had not even used her Account, and had

---

[2] Federal courts in the Ninth Circuit also apply the Restatement in federal question cases.  See Schoenberg v. Exportadora de Sal, S.A. de C.V., 930 F.2d 777, 781 (9th Cir. 1991).

[3]  Although Plaintiff may cite to the decision in Hoffman v. Citibank (South Dakota), N.A., 546 F.3d 1078 (9th Cir. 2008), for the proposition that the Card Agreement's choice-of-law provision and Arbitration Agreement are not enforceable in California, the Hoffman Court actually made no such ruling, but rather, remanded the case for further determination. Id. at 1085.  Instead, the Court in Hoffman held that the District Court in that case did not fully apply and analyze the Restatement test in reaching its decision on the choice-of-law question.  Citibank maintains that a proper analysis and application of the Restatement test compels the conclusion that the choice-of-law provision is enforceable.  Although Citibank disagrees with the decisions, the Ninth Circuit has held that class-action waivers may violate fundamental California public policy in certain circumstances.  See, e.g., Doe 1 v. AOL LLC, 552 F.3d 1077, 1083-84 (9th Cir. 2009).

-10-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  no dispute with Citibank requiring a choice between litigating or arbitrating.  Conroy

2  thus had a meaningful choice to reject the Arbitration Agreement.  See Guadagno,

3  592 F. Supp. 2d at 1270.  Conroy also cannot demonstrate that the Arbitration

4  Agreement is unconscionable under California law.  Conroy has meaningful avenues

5  through which to pursue relief.  She can litigate her individual claims in small claims

6  court and in arbitration, without incurring substantial costs.  Walters Decl., Ex. 1 at

7  11-12, 13; see Green Tree Fin. Corp.-Ala. v. Rudolph, 531 U.S. 79, 92, 121 S. Ct.

8  513, 522, 148 L. Ed. 2d 373, 384 (2000)) (holding that the "risk that [a party] will be

9  saddled with prohibitive costs is too speculative to justify the invalidation of an

10  arbitration agreement"); Eaves-Leonos, 2008 WL 80173, at *7 (reasoning that

11  Citibank's arbitration agreement "does not limit the type of individual claims she

12  may bring, or the damages she may seek.  Therefore, the arbitration agreement does

13  not leave her without a remedy, and is not substantively unconscionable under South

14  Dakota law").

15       Even if the Court were to proceed to Section 187's third step, California does

16  not have a materially greater interest in applying its law here than South Dakota law

17  or federal law.  See Hershler, No. 2:08-cv-06363-R-JWJ, slip. op. at 5-8; Ventura ,

18  2005 WL 2406029, at *5 ("California does not have a materially greater interest in

19  the action than South Dakota").  South Dakota has an equally compelling interest in

20  applying its law here.  S.D. Codified Laws § 51A-12-12 ("A revolving loan account

21  arrangement between a bank located in the state of South Dakota and a debtor shall

22  be governed by the laws of the state of South Dakota."); Mackey v. MBNA Am.

23  Bank, N.A., 343 F. Supp. 2d 966, 969-70 (W.D. Wash. 2004) (recognizing that

24  Delaware's interest in applying its own law to banks in its state outweighed

25  Washington's' interest); accord Lloyd v. MBNA Am. Bank, N.A., No. 01-1752, 27

26  Fed. App'x 82, 84, 2002 WL 21932 (3d Cir. Jan. 7, 2002); Hill v. Equitable Trust

27  Co., 562 F. Supp. 1324, 1335 (D. Del. 1983); Edelist v. MBNA Am. Bank, 790 A.2d

28  1249, 1256 (Del. Super. Ct. 2001).  That Conroy resides in California does not alter

-11-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1   the balance.  See Brack v. Omni Loan Co., Ltd., 164 Cal. App. 4th 1312, 1328, 80

2   Cal. Rptr. 3d 275, 286-87 (2008) (reasoning that "a California consumer cannot

3   avoid the obligations of a contract with an out-of-state business by simply arguing

4   the transaction was covered by a California licensing and regulatory scheme").

5                   b)      **South Dakota Law Determines The Arbitration**

6                           **Agreement's Validity.**

7           South Dakota, like most states, strongly endorses arbitration.  "If there is doubt

8   whether a case should be resolved by traditional judicial means or by arbitration,

9   arbitration will prevail."  Rossi Fine Jewelers, Inc. v. Gunderson, 648 N.W.2d 812,

10  814 (S.D. 2002) ("We have consistently favored the resolution of disputes by

11  arbitration. . . . There is an overriding policy favoring arbitration when a contract

12  provides for it."); Dinsmore, 593 N.W.2d at 44-45, 47 (enforcing arbitration

13  agreement in preprinted securities account agreement); Westhoff v. Citibank (South

14  Dakota), N.A., Case No. CIV 05-288 (Cir. Ct. 2d Jud. Cir., S.D. May 5, 2005).[4]  This

15  "overriding" public policy also is confirmed by a May 7, 2002 Letter Opinion from

16  the South Dakota Assistant Attorney General to the South Dakota Director of

17  Banking (the "South Dakota Attorney General Opinion"):

18          "The purpose of arbitration is to permit a relatively quick and

19          inexpensive resolution of contractual disputes by avoiding the expense

20          and delay of extended court proceedings."  Tjeerdsma v. Global Steel

21          Bldgs., Inc., 466 N.W.2d 643 (S.D. 1991), quoting L.R. Foy Constr. Co.

22          v. Spearfish School District, 341 N.W.2d 383, 388 (S.D. 1983)

23          (Henderson, J., specially concurring) (citations omitted).  South Dakota

24          law, like federal law and the law of most states, encourages private

25          parties to resolve both existing and future disputes by extra-judicial

26          means such as arbitration.  "A strong policy exists favoring the

27

28  [4] A copy of Westhoff is included in the accompanying RJN as Exhibit H.

-12-

arbitration of disputes where the parties have bargained for this procedure." <u>City of Hot Springs v. Gunderson's, Inc.</u>, 322 N.W.2d 8 (S.D. 1982).[5]

Here, Conroy validly entered into the Arbitration Agreement.  Conroy voluntarily used her account following receipt of the Card Agreement.  Walters Decl., Ex. 2.  By doing so, she assented to the Card Agreement's terms, including the Arbitration Agreement.  <u>See</u> S.D. Codified Laws § 54-11-9 ("The use of an accepted credit card or the issuance of a credit card agreement and the expiration of thirty days from the date of issuance without written notice from a card holder to cancel the account creates a binding contract between the card holder and the card issuer . . . ."); <u>Hurley State Bank v. Moore</u>, No. 3:01-CV-158BN, at 6 (S.D. Miss., July 2, 2001) (enforcing, pursuant to South Dakota law, arbitration amendment to credit card agreement); <u>see also</u> South Dakota Attorney General Opinion; <u>see also</u> <u>Eaves-Leonos</u>, 2008 WL 80173, at *6.[6]  The Arbitration Agreement expressly permits either party to elect mandatory, binding arbitration for any claim, dispute, or controversy between the parties, and Citibank properly chooses to do so.  There thus can be no dispute that Conroy validly entered into the Arbitration Agreement.

## 2.      The Complaint's Claims Are Within The Arbitration Agreement's Scope.

Once a court determines that the parties have entered into a binding arbitration agreement, "[an] order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  <u>See</u> <u>AT&T Techs., Inc. v. Commc'ns Workers of Am.</u>, 475 U.S. 643, 650, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986) (citation omitted); <u>Becker Autoradio U.S.A., Inc. v. Becker</u>

---

[5] A copy of the South Dakota Attorney General Opinion is included in the RJN as Exhibit K.

[6] A copy of <u>Moore</u> is included in the RJN as Exhibit I.

-13-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1    <u>Autoradiowerk GmbH</u>, 585 F.2d 39, 44, 46 (3d Cir. 1978) (holding that an

2    arbitration provision including the phrase "arising out of and about" encompasses

3    matters that "[arise] in the course of and during the on-going relationship . . . created

4    and governed" by the contract containing the arbitration provision); <u>Oldroyd v.</u>

5    <u>Elmira Savs. Bank, FSB</u>, 134 F.3d 72, 76 (2d Cir. 1998) (holding that a clause

6    requiring the arbitration of "[a]ny dispute, controversy or claim arising under or in

7    connection with" an employment agreement was "prototypica[ly] broad" and

8    "justifies a presumption of arbitrability").

9         The Arbitration Agreement mirrors this broad language:  "**Broadest**

10   **interpretation.**  Any questions about whether Claims are subject to arbitration shall

11   be resolved by interpreting this arbitration provision in the broadest way the law will

12   allow it to be enforced."  Walters Decl., Ex. 1 at 8.  The Arbitration Agreement

13   applies despite the legal theory attached to a claim.  <u>Id</u>.  The instant dispute arises

14   from Conroy's enrollment in Credit Protector, a product to defer or cancel debt on

15   her account.  Complaint, ¶¶ 15, 19-51, 56.  The Complaint's claims are tied to her

16   account -- charges billed to her account and deferral of debt on her account -- and her

17   relationship with Citibank.  <u>Id</u>.  Conroy challenges Citibank's Credit Protector

18   disclosures, its billing of her account for Credit Protector, and its decision not to

19   activate Credit Protector benefits and forbear from requiring timely account

20   payments.  <u>Id</u>.  Indeed, the Credit Protector terms and conditions expressly provide

21   that they are an addendum to the Card Agreement.  Walters Decl., Ex. 3 at 14.

22   Furthermore, although Citibank, N.A. did not issue Conroy's account, the Arbitration

23   Agreement's express terms require arbitration of Conroy's claims against affiliated

24   companies such as Citibank, N.A.:  "Not only ours and yours, but also Claims made

25   by or against anyone connected with us or you or claiming through us or you, such as

26   . . . an . . . affiliated company."  <u>Id</u>., Ex. 1 at 8-9 ("corporate affiliates are here

27   considered as one person").  <u>See</u> <u>Gowdy v. Citibank Universal Card Servs. Corp.</u>,

28

-14-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  Case No. 02-1828CI-8 (Cir. Ct. 6th Dist., Pinellas Cty. Fla. May 5, 2003)

2  (compelling arbitration of a claim brought against an affiliated company).[7]

3      **B.      The Arbitrator Must Hear Conroy's Claims On An Individual**

4              **Basis.**

5      The Court also must enforce the Arbitration Agreement as it is written, with

6  clear language requiring arbitration on an individual basis.  "[A]rbitration is a matter

7  of contract and a party cannot be required to submit to arbitration any dispute which

8  he has not agreed so to submit."  Howsam, 537 U.S. at 83 (internal quotation marks

9  and citation omitted); EEOC, 534 U.S. at 289 ("[N]othing in the [FAA] authorizes a

10 court to compel arbitration of any issues, or by any parties, that are not already

11 covered in the agreement."); Stolt-Nielsen, 130 S. Ct. at 1775 (holding that "a party

12 may not be compelled under the FAA to submit to class arbitration unless there is a

13 contractual basis for concluding that the party agreed to do so") (emphasis in

14 original).

15     By using her Account, Conroy assented that:  "Claims and remedies sought as

16 part of a class action, private attorney general or other representative action are

17 subject to arbitration on an individual (non-class, non-representative) basis, and the

18 arbitrator may award relief only on an individual (non-class, non-representative)

19 basis."  Walters Decl., Ex. 1 at 11.  The Arbitration Agreement confers on the

20 arbitrator only the authority to decide individual claims, and not to make any award,

21 or consider any claims, by or relating to any other person. Id., Ex. 1 at 9.  This

22 language unequivocally demonstrates the parties' intent to arbitrate claims only on an

23 individual basis.  See Stolt-Nielsen, 130 S. Ct. at 1776.

24     Furthermore, the FAA preempts state laws that attempt to regulate the

25 arbitration process or dictate the terms of, and parties to, arbitration.  Volt Info. Scis.,

26 489 U.S. at 477; Southland Corp. v. Keating, 465 U.S. 1, 16, 104 S. Ct. 852, 79 L.

27

28 [7] A copy of the Gowdy decision is included in the RJN as Exhibit J.

-15-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1   Ed. 2d 1 (1984) (striking down California law that sought to insulate certain issues

2   from arbitration).  A requirement that arbitration agreements make class arbitration

3   available does not concern contracts generally but rather targets arbitration

4   agreements in particular.  An arbitration agreement that would otherwise be valid

5   under general contract principles cannot be rendered invalid because the contract

6   bars class treatment.

7   **C.      The Court Should Stay The Action Pending Arbitration On An**

8           **Individual Basis.**

9           Because all of Conroy's claims are within the arbitration agreement's scope,

10  the action should be stayed pending the arbitration's conclusion.  See 9 U.S.C. § 3

11  (providing that court shall stay the action "until such arbitration has been had in

12  accordance with the terms of the agreement"); Seus v. John Nuveen & Co., Inc., 146

13  F.3d 175, 179 (3d Cir. 1998) ("If a party to a binding arbitration agreement is sued in

14  a federal court on a claim that the [Conroy] has agreed to arbitrate, it is entitled under

15  the FAA to a stay of the court proceeding pending arbitration."); Collins v.

16  Burlington N. R. Co., 867 F.2d 542, 545 (9th Cir. 1989) (remanding case where

17  district court failed to consider whether a stay was appropriate as a result of binding

18  arbitration agreement).

19  **D.      Alternatively, This Court Properly May Stay This Case Pending**

20          **Action By The Supreme Court.**

21          A consistent line of Supreme Court authority favors permitting parties to

22  structure arbitration as they wish and enforcing arbitration agreements as written,

23  including recent decisions.  See Stolt-Nielsen, 130 S. Ct. at 1776 (holding that

24  imposing class arbitration on parties who have not agreed to authorize class

25  arbitration is inconsistent with the FAA); Rent-A-Center, West, Inc. v. Jackson, No.

26  09-497, ___ U.S. ___, 130 S. Ct. 2772, 2779, 177 L. Ed. 2d 403 (Jun. 21, 2010)

27  (holding that where agreement required arbitrator to determine arbitration

28  agreement's enforceability, question was for arbitrator, not court).  The Supreme

-16-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1   Court also vacated and remanded a Second Circuit decision, <u>American Express Co.</u>

2   <u>v. Italian Colors Restaurant</u>, __U.S.__, 130 S. Ct. 2401, 176 L. Ed. 2d 920, 2010 WL

3   1740528 (May 3, 2010), which held an arbitration agreement that required individual

4   arbitration unenforceable, for reconsideration in light of <u>Stolt-Nielsen</u>.  Under these

5   authorities, courts should not decline to enforce otherwise valid arbitration

6   agreements simply because of a belief that the unavailability of class treatment might

7   make it more challenging for one party to pursue his or her claims.  Even more

8   significantly, the Supreme Court granted certiorari in <u>AT&T Mobility LLC v.</u>

9   <u>Concepcion</u>, No. 09-893, 130 S. Ct. 3322, 2010 WL 303962 (May 24, 2010),

10  expressly to determine:  "Whether the Federal Arbitration Act preempts States from

11  conditioning the enforcement of an arbitration agreement on the availability of

12  particular procedures -- here, class-wide arbitration -- when those procedures are not

13  necessary to ensure that the parties to the arbitration agreement are able to vindicate

14  their claims."[8]

15      <u>AT&T Mobility</u> has direct bearing on whether the Arbitration Agreement here

16  should be enforced as written.  If the Court does not grant the Motion, it should stay

17  the action pending a decision in <u>AT&T Mobility</u>.  "[T]he power to stay proceedings

18  is incidental to the power inherent in every court to control the disposition of the

19  causes on its docket with economy of time and effort for itself, for counsel and for

20  litigants."  <u>Landis v. North Am., Inc.</u>, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153

21  (1936).  In considering a stay request, courts must balance the needs of the moving

22  party against the consequence of delay to the opponent.  <u>Landis</u>, 299 U.S. at 256.

23  Here, the balance favors Citibank because to require litigation irreparably deprives

24  Citibank of its right to arbitrate and forces them to expend time and resources in

25  court procedures that arbitration avoids.  Following the grant of certiorari in <u>AT&T</u>

26  <u>Mobility</u>, numerous courts have stayed actions where arbitration agreements were at

27  _____

28  [8]  A copy of the Petition for a Writ of Certiorari in <u>AT&T Mobility</u> is included in the
RJN as Exhibit L.

-17-

issue, including in the Ninth Circuit.  <u>See, e.g.</u>, <u>Litman v. Cellco P'ship</u>, No. 08-4103 (3d Cir. July 7, 2010) (order staying mandate);[9] <u>McArdle v. AT&T Mobility LLC</u>, No. C 09-1117 CW, 2010 WL 2867305 (N.D. Cal. June 20, 2010); <u>Kaltwasser v. Cingular Wireless LLC</u>, No. C 07-00411 JF (PVT), 2010 WL 2557379 (N.D. Cal. June 21, 2010); <u>Carney v. Verizon Wireless Telecom, Inc.</u>, No. 09-cv-1854 DMS (AJBx), 2010 WL 3058106 (S.D. Cal Aug. 2, 2010).  A stay also is appropriate here.

## III.   CONCLUSION

For the foregoing reasons, Citibank respectfully requests that the Court grant the Motion and order Conroy to arbitrate her claims on an individual basis, and stay this action pending conclusion of arbitration.  In the alternative, Citibank requests a stay pending a decision by the United States Supreme Court in <u>AT&T Mobility</u>.

Dated:  September 13, 2010

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
SCOTT M. PEARSON
ALEXANDRIA KACHADOORIAN


By:   _____*/s/ Scott M. Pearson*_____
                Scott M. Pearson

Attorneys for Defendants
   CITIBANK, N.A. and CITIBANK
   (SOUTH DAKOTA), N.A.

---

[9]  A copy of <u>Litman</u> is included in the RJN as Exhibit M.

-18-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086